ORDER AM) DECISION

STACY L. LEEDS, Justice.
Petitioner seeks an emergency declaratory judgment of this Court upholding the authority of former Chief Justice Philip H. Viles, Jr. to solemnize a marriage under the laws of the Cherokee Nation. Petitioner plans to marry another citizen *4 of the Cherokee Nation and Philip H. Viles, Jr. has been asked to perform the ceremony.
Under Cherokee law, individuals who wish to be married file an application with the clerk of the District Court. The person who will be performing the marriage ceremony is required to obtain a license from the court clerk.
At issue in this matter is whether the License to Perform Marriage issued to Philip H. Viles, Jr. on April 14, 2000, remains valid. The License was issued to Philip H. Viles, Jr. in his capacity as Chief Justice of the Cherokee Nation.[1] Philip H. Viles, Jr. served on the Court from 1976 until 2002.
43 C.N.C.A. § 4 (as amended in 2004) governs the issuance of License to Perform Marriages. The relevant portion of the Act states:
Marriages may be solemnized, by any of the judges of the courts of this Nation, or by any ordained minister of the Gospel in regular communion with any religious society, or religious leaders of the Keetoowah Society or the Four Mothers Society. Judges, ministers, or religious leaders shall obtain a license from the clerk of court of the Nation, (emphasis added).
The first sentence of this Section limits the persons who can solemnize marriages to judges of the Cherokee Nation court and appropriate ministers or religious leaders. Individuals that fall within these categories are also required to obtain a license in order perform marriages in accordance with Cherokee law. Only those judges who possess a license may solemnize a marriage.
We hold that “judges” under the Act, can only include current judges of this Court or the District Court. The Council has not provided language to suggest that a former judge or justice may continue to solemnizing marriages after the expiration of his or her respective term. Likewise, a minister who is no longer ordained or affiliated with a religious society would lack the authority to solemnize marriages.
The licensing provision of this Act is merely an additional qualifier. As such, an individual must be either a sitting judge or ordained minister and possess a License to Perform Marriages. Unless both of the conditions are met, the individual lacks the authority to solemnize a Cherokee marriage.
Petitioner notes the status of being a member of one of the courts of this Nation, alone, does not entitle one to be able to perform marriages. We agree. The same is true however, for the licensing provisions. Having received a license, alone, does not entitle an individual to continue performing ceremonies indefinitely. Both conditions must be met at the time of the marriage ceremony is solemnized.
Petitioner correctly notes that Oklahoma law is different than Cherokee law. Oklahoma does not require a License to Perform Marriages. In Oklahoma, it is the couple seeking to be married that obtains the license. Oklahoma law allows a retired judge to perform marriages because the Oklahoma statute expressly provides for the continued authority of retired judges. Oklahoma marriages may be solemnized “by a judge or retired judge” of any court in the state.[2] Unlike the Oklahoma example, Cherokee law simply does not provide for an extension of authority to former or retires judges at this time.
*5 IT IS SO ORDERED, this 18th of February, 2015
[[Image here]]

. License attached to order.

. 43 O.S. § 7(a).